# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

**LEE JOHNSON,**                                      **:**

          **Plaintiff**        **:**        **CIVIL ACTION NO. 3:11-1698**

          **v.**                     **:**             **(MANNION, M.J.)**

**PSI PIZZA, INC. d/b/a DOMINO'S**     **:**
**PIZZA and MICHAEL J. NOLAN**

                      **:**

          **Defendant**

                      **:**

## MEMORANDUM AND ORDER[1]

Presently before the court is the defendants' motion to dismiss the plaintiff's amended complaint, (Doc. No. 10). The plaintiff, an employee of the Domino's Pizza chain of restaurants operated by defendant PSI Pizza, Inc. (hereinafter "PSI Pizza"), claims sexual harassment by his supervisor, defendant Nolan, and retaliation when he presented his allegations to management. (Doc. No. 7). The plaintiff initially filed his charges of harassment and retaliation before the U.S. Equal Employment Opportunity Commission ("EEOC") and Pennsylvania Human Relations Commission ("PHRC"). In addition, the plaintiff alleges defamation and intentional infliction

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

of emotional distress under Pennsylvania law. Finding that the plaintiff has adequately exhausted administrative remedies but failed to allege additional state law claims on which relief can be granted, the motion to dismiss will be **DENIED** in part and **GRANTED** in part.

## I.   BACKGROUND

The plaintiff first worked for the defendant from February 1999 to July 2010. (Doc. No. 7 at 2). In July 2001, the plaintiff quit his position, but eventually returned in March 2007 as a delivery driver. (Id.). Defendant Nolan served as the General Manager of store 4871, where the plaintiff was employed. (Id. at 3).  From February 2009 to July 2009, the plaintiff took a sabbatical from his position to perform missionary work in Brazil. (Id.). While the plaintiff was in Brazil, other employees reported comments made by defendant Nolan such as "Lee is too busy because he is molesting little boys in Brazil." (Id.). When the plaintiff returned to work in July 2009 and moved in with a fellow male employee, defendant Nolan allegedly made comments suggesting that the two men were homosexuals. (Id.). In addition, defendant Nolan allegedly made comments regarding employee's penises and requested that the plaintiff measure his penis against other employees'. (Id.).

The plaintiff filed a complaint with the EEOC and PHRC on October 27, 2009 stating that he had been subjected to this sexual harassment. (Id. at 1). The plaintiff also asserts that he made formal complaints to PSI Pizza's

2

Operations Manager, Steve Crum, on March 28, 2010 and April 13, 2010. (Id. at 4).

The plaintiff claims that on April 14, 2010, the day after his second complaint to Crum, his hours were cut back from 57 per week to 40 per week in retaliation for asserting a complaint. (Id.). The plaintiff states that no other employee's hours were deceased at that point and that his hours had never been cut back before that date. (Id.). The plaintiff subsequently filed an amended complaint with the EEOC and PHRC including both his sexual harassment and retaliation claims. (Doc. No. 16 at 14). On June 23, 2011, the plaintiff received a "right to sue" letter from the EEOC. (Doc. No. 7 at 2). On July 21, 2011, the plaintiff received a similar letter from the PHRC. (Id.).

The plaintiff filed an initial complaint, (Doc. No. 1), before this court on September 12, 2011. The plaintiff filed an amended complaint on November 10, 2011, (Doc. No. 7).[2] The amended complaint comprises six counts: a hostile work environment under both Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, (hereinafter "Title VII") and the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.*, ("PHRA"); retaliation under both Title VII and the PHRA; defamation; and, intentional infliction of emotional distress. (Doc. No. 7 at 4-9).

---

[2] Though filed beyond the 21-day period in which the plaintiff may amend as a matter of right, the plaintiff's amendment complaint was filed before the defendant's had responded and did not prejudice the defense.

3

On November 18, 2011, the defendants filed the instant motion to dismiss, (Doc. No. 10). On November 30, 2011, the defendants filed their brief in support, (Doc. No. 11). On January 6, 2012, the plaintiff filed a brief in opposition, (Doc. No. 16).[3]

## II.   STANDARD OF REVIEW

The defendant's motion to dismiss is brought pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly, 550 U.S. 544, 127 S. Ct. at 1965*. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of

---

[3] The plaintiff also filed an answer to the defendants' statement of facts, (Doc. No. 15). As the defendants have moved to dismiss, however, all facts presented by the plaintiff will be accepted as true.

"necessary elements of the plaintiff's cause of action. *Id.* Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

## III.   DISCUSSION

Defendants assert various arguments in their motion to dismiss each of the six counts in the plaintiff's amended complaint. Specifically, the defendants contest that: the plaintiff has not properly exhausted his administrative remedies, both with respect to the time of filing and named defendants; the defamation claim is barred by the statute of limitations; the plaintiff has failed to state a claim for intentional infliction of emotional distress; and the claim for punitive damages is barred by PHRC.

As an initial matter, it is important to note that the Third Circuit has held "that the PHRA is the counterpart to the federal anti-discrimination law and the analysis of the claims is identical." *Fuhrman v. Quill Corp.*, 2010 WL 411698 *5 (M.D.Pa. Jan. 27, 2010)*(quoting *Burgh v. Borough Council of Borough of Montrose*, 251 F.2d 465, 469 (3d Cir.2001)*(internal quotations omitted).

Another initial consideration is the defendants' argument that all claims under Title VII should be dismissed because the plaintiff failed to establish that defendant PSI Pizza is an employer as defined by 42 U.S.C. §2000e(b). (Doc. No. 11 at 8). Though the plaintiff did not lay out specific elements such as the number of employees, the plaintiff's amended complaint does assert that "defendant PSI Pizza, Inc. is an employer within the definition of Title VII of the Civil Rights Act of 1964." (Doc. No. 7 at 2). Taking all of the plaintiff's assertions as true and noting that the defendants do not contend that PSI

6

Pizza in not an employer within the statutory standard, the court will not dismiss the Title VII claims on these initial grounds.

### *A. Exhaustion*

Generally, an employee must exhaust all administrative remedies before bringing a lawsuit under Title VII or the PHRA. *See Cardamone v. Murray Management, Inc.*, 2005 WL 3478320, \*2 (M.D.Pa. Dec. 19, 2005)(*citing Waiters v. Parsons,* 729 F.2d. 233, 237 (3d Cir.1984). The defendants assert theories under which they believe the plaintiff has failed to exhaust administrative remedies. First, the defendants claim that several of the plaintiff's claims should be barred because they did not occur during the appropriate relation-back period for each of his administrative claims. Second, the defendants assert that because defendant Nolan was not a named party in the plaintiff's EEOC complaint, all claims against him should be dismissed for failure to exhaust.

### 1*. Temporal Exhaustion*

The plaintiff asserts that he filed a complaint with the EEOC and PHRC on October 27, 2009. (Doc. No. 7 at 1). The defendants, therefore, assert that any claims raised in the instant complaint that occurred after the October 27, 2009 filing and any claims that arose before the relation-back windows of the relevant statutes are barred. (Doc. No. 11 at 8-10). For an EEOC claim, the

7

statute of limitations is 300 days, making the relation-back window January 1, 2009 to October 27, 2009. 42 U.S.C. § 2000e-5(e). The analogous period for a PHRC claim is 180 days. 43 P.S. §§ 959, 962.

The Third Circuit has noted that "[t]he purpose of this administrative exhaustion requirement is to put the EEOC on notice of the plaintiff's claims and afford it the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court." *Webb v. City of Philadelphia*, 562 F.3d 256, 262 (3d Cir.2009) (*quoting Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir.1996)*(internal citations omitted). The Third Circuit also stated that the "preliminary requirements for a Title VII action are to be interpreted in a nontechnical fashion," however, the aggrieved party "is not permitted to bypass the administrative process." *Id.* at 262-63 (*citing Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398 (3d Cir.1976)). Ultimately, the court held that "the parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.* at 263 (citing *Ostapowicz*,541 F.2d at 398-99)(internal quotations omitted).

The defendants assert that the plaintiff failed to plead any facts supporting his EEOC and PHRC claims which occurred in the relation-back period from January 1, 2009 to October 27, 2009. (Doc. No. 11 at 15). Though many of the plaintiff's allegations do not include specific dates, at this stage of the proceeding the court must accept all of the allegations and

8

reasonable inferences as true. The plaintiff alleges that sexually harassing comments suggesting he was a pedophile were made at some point while he was on a mission trip from February 2009 to July 2009, and therefore clearly within the 300-day EEOC relation-back period. (Doc. No. 7 at 3). In addition, the plaintiff asserts that upon his return from the trip he moved in with his fellow employee and was subjected to further harassment. (Id.). Inferring that "upon his return" indicates that the employees moved in together at some point after July 2009 but before the October 2009 complaint was filed clearly brings these allegations within the relation-back periods of both the EEOC and PHRC. Therefore, the court finds that the plaintiff pleaded sufficient facts to support his claims of sexual harassment within the statutes of limitations to survive this motion to dismiss.

The defendants also claim that any allegations arising from events that occurred after the filing of his October 2009 complaint could not have been raised to the administrative agencies and, therefore, not exhausted. The plaintiff asserts, and attaches to his brief in opposition to the motion, an amended complaint dual filed before the EEOC and PHRC on May 17, 2010. (Doc. No. 16 at 10-28). This filing notes both the alleged sexual harassment that occurred in 2009 and the retaliation claim that materialized when the plaintiff's hours were cut on April 14, 2010. (Id.). The court finds that this undisputedly authentic document establishes that the plaintiff's October 2009 complaint was properly amended thereby giving the named defendant, PSI

9

Pizza, notice of both the sexual harassment and retaliation claims underlying the instant action. As such the court will deny the defendant's motion to dismiss with respect to the sexual harassment and retaliation claims – Counts I, II, V and VI – of the plaintiff's amended complaint.

### 2*. Defendant Nolan*

The defendants also argue that, regardless of the temporal exhausting issues, the plaintiff has failed to exhaust all claims with respect to defendant Nolan because he was not formally named in the EEOC or PHRC complaints. (Doc. No. 11 at 5-6). The court disagrees. As discussed above, the goal of exhaustion requirements is to give notice and opportunity to the parties to resolve disputes before coming to court. Generally, a party who has not been named in an agency action will not be on notice of the pending action and claims against them will not be considered exhausted. See *Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir.1984)*. Nevertheless, "[t]he Third Circuit has recognized this exception to the exhaustion requirement when the unnamed party received notice and when there is a shared commonality of interest with the named party." *Cardamone v. Murray Management, Inc.*, 2005 WL 3478320, *2 (M.D.Pa. Dec. 19, 2005)*(*quoting Schafer v. Board of Public Educ.*, 903 F.2d 243, 252 (3d Cir.1990)*(internal quotations omitted). To determine the commonality of interest, the Third Circuit adopted four factors:

(1) Whether the role of the unnamed party could through reasonable

effort by the complainant be ascertained at the time of the filing of the
EEOC complaint; (2) whether, under the circumstances, the interests
of a named party are so similar to the unnamed party that for purposes
of obtaining voluntary conciliation and compliance it would be
unnecessary to include the unnamed party in the EEOC proceedings;
(3) whether its absence from the EEOC proceedings resulted in actual
prejudice to the interests of the unnamed party; (4) whether the
unnamed party has in some way represented to the complainant that its
relationship with the complainant is to be through the named party.

*Schafer*, 903 F.2d at 252.

As to the first factor, defendant Nolan was clearly known to the plaintiff
and could have been named in the complaint. As to the second factor, the
parties interests are deeply entwined as the defendant Nolan is an employee
of defendant PSI Pizza. As to the third factor, the defendants have not
suggested any actual prejudice to defendant Nolan's interests. The fourth
factor is irrelevant in this matter as there are no accusations of
misrepresentation. Therefore, though defendant Nolan could have been
named and was not, commonality of interest exists because, his interests are
similar to those of PSI Pizza and he has not experienced any actual prejudice.
Moreover, it should be noted that the parties do not dispute that the defendant
Nolan, though not named in the caption of the complaint, was indeed
identified by name in the complaint and a central actor in the underlying facts.

11

Acknowledging that notification is at the heart of the exhaustion requirement, the court finds that defendant Nolan was on notice and that commonality of interests exists, therefore the plaintiff has exhausted his administrative remedies. *See Cardamone,* 2005 WL 3478320 at \*2. As such, the court will deny the defendants' motion to dismiss all claims against defendant Nolan.

### B. Defamation

The defendants assert that any claims for defamation are barred by a one-year statute of limitations. (Doc. No. 11 at 6-7). The plaintiff has not contested these assertions. (Doc. No. 16 at 9). The court agrees that Pennsylvania's one-year statute of limitations for defamation claims applies. *See Deangelo Bros., Inc. V. Platte River Ins. Co.,* 2010 WL 2635983, \*7 (M.D.Pa. June 29, 2010)(*citing Evans v. Phila. Newspapers, Inc.,* 411 Pa.Super. 244, 601 A.2d 330, 339 (Pa.Super.1991). Though each allegation listed in the plaintiff's amended complaint does not have a specific date associate with it, the allegations culminate with the reduction of the plaintiff's work hours on April 14, 2010. (Doc. No. 7). The plaintiff does not assert any libelous, slanderous or otherwise defamatory conduct after that date. (Id.). The plaintiff filed his original complaint in the instant action on September 12, 2011, well outside the one-year statute of limitations. (Doc. No. 1).

Finding that the statute of limitation bars the plaintiff's claim for defamation, the plaintiff has failed to present a claim for which relief can be

12

granted. As such, the court will dismiss the plaintiff's defamation claim.

### *C. Intentional Infliction of Emotional Distress*

As the defendants note, the tort of intentional infliction of emotional distress is not recognized by the Constitution or federal law and is therefore governed by Pennsylvania state law. *See Witmer v. Arthur J. Gallagher & Co.*, *2009 WL 2762379, \*4 (M.D.Pa. August 31, 2009)*(citing *Slater v. Susquehanna County*, 613 F.Supp.2d 653 (M.D.Pa. 2009). To establish a claim for intentional infliction of emotional distress under Pennsylvania law, "the conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Hoy v. Angelone*, 554 Pa. 134, 720 A.2d 745, 754 (Pa.1998) (*quoting Buczek v. First Nat'l Bank of Mifflintown*, 366 Pa.Super. 551, 531 A.2d 1122, 1125 (Pa.1987)). In addition, "[f]or liability to be imposed, there must be knowledge on part of the actor that severe emotional distress is substantially certain to be produced by his conduct." *Price ex rel. O.P. v. Scranton School District*, 2012 WL 37090, \*12 (M.D.Pa. Jan. 6, 2012)(*quoting Hoffman v. Memorial Osteopathic Hosp.*, 342 Pa.Super. 375, 492 A.2d 1382, 1386 (Pa.Super.Ct.1985)(internal quotations omitted)). This high burden is difficult to satisfy under Pennsylvania law. *See Id. (citing Hoy*, 720 A.2d at 753–54. Further, "as a general rule, sexual harassment alone does not rise to the level of outrageousness necessary to

13

make out a cause of action for intentional infliction of emotional distress." *Id.* (*citing Andrews v. City of Philadelphia*, 895 F.2d 1469, 1487 (3d Cir.1990)).

Plaintiff argues that the combination of sexually harassing comments and comments suggesting that the plaintiff was a criminal pedophile rises to the level of outrageous conduct. The court disagrees. Though the plaintiff finds these comments insulting and derogatory when made by his manager, even if distasteful, it cannot be said that they qualify as beyond all possible bounds of decency nor utterly intolerable in a civilized society. Moreover, the plaintiff has not demonstrated any intent on behalf of defendant Nolan to inflict serious emotional distress. Therefore, the court will dismiss the plaintiff's claim for intentional infliction of emotional distress against to both defendants.

### D. Punitive Damages

As part of his claims under the PHRA, Counts V and VI, the plaintiff seeks punitive damages. Punitive damages, however, are not available under the PHRA. *See e.g., Gagliardo v. Connaught Laboratories, Inc*., 311 F.3d 565, 570 n. 3 (3d Cir.2002) (*citing Hoy v. Angelone*, 456 Pa.Super. 596, 691 A.2d 476, 483 (Pa.Super. 1990)). The court also notes that the plaintiff's brief in reply, (Doc. No. 16), does not present any case law or argument against this black letter rule. As such, the court will dismiss the plaintiff's amended complaint to the extent that it seeks punitive damages for claims arising under the PHRA.

14

**THEREFORE, IT IS HEREBY ORDERED, THAT:**

(1)     The defendant's motion to dismiss. (Doc. No. 10), is **DENIED** with respect to Counts I, II, V and VI of the plaintiff's amended complaint;

(2)     The plaintiff's claims for punitive damages under Counts V and VI of his amended complaint are **DISMISSED**; and

(3)     The defendant's motion to dismiss, (Doc. No. 10), is **GRANTED** with respect to Counts III and IV of the plaintiff's amended complaint.

s/ *Malachy E. Mannion*

**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date: September 25, 2012**
O:\shared\MEMORANDA\2011 MEMORANDA\11-1698-01.wpd