**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LEE JOHNSON,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:11-1698** |
| **v.** | : | **(JUDGE MANNION)** |
| **PSI PIZZA, INC.** | : | |
| **t/a Domino's Pizza and** | | |
| **MICHAEL J. NOLAN,** | : | |
| **Defendants** | : | |

## <u>MEMORANDUM</u>

Pending before the court is the plaintiff's motion for reconsideration of the court's memorandum and order granting the defendants' motion for summary judgment. (Doc. 47). Upon review, the plaintiff's motion will be denied.

By way of relevant background, the plaintiff filed the instant employment discrimination action on September 11, 2011. (Doc. 1). An amended complaint followed on November 10, 2011. (Doc. 7). A motion to dismiss the plaintiff's amended complaint was filed shortly thereafter, on November 18, 2011. (Doc. 10).

On May 8, 2012, the case was referred to mediation, (Doc. 25), which resulted in the plaintiff's first motion for extension of the discovery deadlines on July 12, 2012, (Doc. 26). The motion for extension was granted and new deadlines were set by order dated August 8, 2012, (Doc. 28).

By memorandum and order dated September 25, 2012, the motion to

dismiss the plaintiff's amended complaint was denied in part and granted in part. Specifically, the motion was denied with respect to Counts I, II, V and VI (the Title VII and PHRA hostile work environment and retaliation claims) of the plaintiff's amended complaint and granted with respect to Counts III and IV (the defamation and intentional infliction of emotional distress claims). (Doc. 29).

On October 8, 2012, the plaintiff filed a second motion for extension of the discovery deadlines. (Doc. 30). By order dated October 10, 2012, the motion was granted and new deadlines were set. (Doc. 31).

An answer to the claims remaining in the plaintiff's amended complaint was filed by the defendants on November 2, 2012. (Doc. 32).

On January 16, 2013, a day after fact discovery closed, the plaintiff filed a third motion to extend the discovery deadlines. (Doc. 33). Despite its untimeliness, the plaintiff's request was granted and by order dated March 12, 2013, the deadlines were, once again, extended. (Doc. 35).

On June 10, 2013, the defendants filed a motion for summary judgment, (Doc. 36), along with a supporting brief, (Doc. 37), and statement of facts with exhibits, (Doc. 38). Instead of responding to the defendants' motion, on the following day, the plaintiff filed a fourth motion to extend the discovery deadlines. (Doc. 39). Although the defendants filed a brief in opposition to this

motion for extension[1], by order dated June 18, 2013, the court granted the plaintiff's fourth extension and set new case deadlines. Specifically, fact discovery was due to close on August 16, 2013; expert discovery was set to close on August 30, 2013; and dispositive motions were set for August 30, 2013. (Doc. 42).

Between the time of the court's June 18, 2013, order and December 27, 2013, absolutely no activity took place on the record in this action.

On December 27, 2013, counsel for the defendants filed correspondence with the court advising that, despite the court's order of June 18, 2013, the plaintiff had served no additional discovery, had requested no depositions, and had sought to compel no discovery. Further, no response was filed to the defendants' motion for summary judgment.

On January 14, 2014, when the plaintiff had failed to respond in any way to either the defendants' motion for summary judgment or to the correspondence of defendants' counsel, the court deemed the defendants' motion for summary judgment and supporting materials unopposed and considered the motion on the merits. In doing so, the court found that the defendants were entitled to summary judgment on all of the remaining claims.

On January 15, 2014, the plaintiff filed the pending motion for reconsideration, (Doc. 47), along with a brief in opposition to the defendants'

---

[1]The court notes that the defendants concurred in the plaintiff's first three motions for extension of the discovery deadlines.

3

motion for summary judgment, (Doc. 48), and a response to the defendants' statement of material facts, (Doc. 49). The defendants filed a brief in opposition to the plaintiff's motion for reconsideration on January 20, 2014. (Doc. 51).

For several reasons, the plaintiff's motion will be denied. Initially, the court notes that, despite the mandatory language of the Middle District of Pennsylvania Local Rules of Court, specifically L.R. 7.10, the plaintiff has failed to accompany the motion for reconsideration with a supporting brief – a reason in and of itself to dismiss the motion.

Moreover, upon review of the motion for reconsideration, plaintiff's counsel indicates that he takes full responsibility for failing to respond to the defendants' motion for summary judgment. In doing so, counsel reasons that the defendants' motion for summary judgment was filed on June 10, 2013, ". . . prior to the discovery deadline in this matter and far prior to the due date for any dispositive motions to be filed, and, therefore Plaintiff did not immediately respond." The record demonstrates that the defendants' motion was filed only five days prior to the close of fact discovery and twenty days prior to the dispositive motion deadline. The dispositive motion deadline is, of course, the _final_ date upon which the court will accept dispositive motions; therefore, the defendants need not have waited to file their motion for summary judgment where they were prepared to do so prior to the deadline.

In any event, despite counsel's claim to the contrary, he did, in fact,

4

immediately respond – he did so the following day by filing a fourth motion for extension of the discovery deadlines. Despite objections from the defendants, the court granted counsel's fourth request for extension of the discovery deadlines, after which he proceeded to conduct absolutely no discovery whatsoever[2].

Further, even after the extended discovery deadlines passed, well over two months after the defendants filed their motion for summary judgment, the plaintiff still did not file a response to the defendants' motion. The time came and went for the filing of dispositive motions, and again, nothing was filed by the plaintiff.

Over six months after the filing of the defendants' motion, on December 27, 2013, the defendants submitted a status letter to the court advising that the plaintiff had never responded to the motion for summary judgment and requesting that the court direct the plaintiff to do so. One would think that this correspondence would have prompted some kind of response from plaintiff's counsel seeing that his response to the motion for summary judgment was so far out of time. Instead, counsel indicates in his motion for reconsideration that he chose to wait for a court order directing him to respond to the defendants' motion and only then did he begin to prepare his response. However, most certainly to counsel's dismay, the only order counsel received

---

[2]Counsel has not challenged the representations of the defendants' counsel on this.

from the court was the order which came almost three weeks later which directed summary judgment in the defendants' favor.

In considering the above, although plaintiff's counsel takes full responsibility for failing to respond to the defendants' motion for summary judgment, his actions in failing to file <u>any</u> response to the defendants' motion, save what was essentially an empty motion for extension of time to conduct discovery, is simply not acceptable.

Finally, a motion for reconsideration is a device of limited utility and may only be used to correct manifest errors of law or fact or to present newly discovered precedent or evidence. Rister v. Lamas, 2012 WL 3758092 (M.D. Pa. Aug. 28, 2012) (Nealon, J.) (citing Harasco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986); Sibio v. Borough of Dunmore, 2007 U.S. Dist. LEXIS 35380, *4 (M.D. Pa. 2007) (Caputo, J.)). "In order to prevail, a party seeking reconsideration must demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citing Rinaldi v. Sniezek, 2008 U.S. Dist. LEXIS 46547, *2 (M.D. Pa. 2008) (Rambo, J.) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court

6

and the litigant." Id. (citing Ogden v. Keystone Residence, 226 F.Supp.2d 588, 606 (M.D. Pa. 2002) (McClure, J.) (internal citations omitted)). Further, motions for reconsideration "may not be used to raise new argument or present evidence that could have been raised prior to the entry of judgment." Hill v. Tammac Corp., 2006 WL 529044, *2 (M.D. Pa. March 3, 2006) (Kane, J.) "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Rister, supra (citing Cooper v. Sniezek, 2010 U.S. Dist. LEXIS 100022, *6 (M.D. Pa. 2010) (Rambo, J.) (quoting Continental Cas. Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995)).

Here, plaintiff's counsel does not argue an intervening change in the controlling law; the availability of new evidence that was not available previously; or the need to correct a clear error of law or fact. Instead, he argues that "[i]t would be an injustice to Plaintiff not to hear summary judgment on the merits." Counsel then references the simultaneously filed brief in opposition to the defendants' motion for summary judgment and responsive statement of facts and asks the court re-review the motion for summary judgment.

Initially, the plaintiff's motion for reconsideration fails to recognize that the court did consider the motion for summary judgment on the merits – it simply did so without the benefit of a response from the plaintiff.

Moreover, upon review, the court finds that the plaintiff's response

would not have any impact on the court's decision. To this extent, the plaintiff has denied only six (6) of the defendants' thirty-five (35) statements of fact. In these denials, the plaintiff claims that he suffered harassment of a continuing nature, (Doc. 49, ¶¶14-16); he was physically touched by another employee, although he could not remember when, (Doc. 49, ¶11); he is no longer employed by the defendant, although he was at the time of his deposition, (Doc. 49, ¶25); and that, after reporting the harassment, his hours were the first to be cut, followed by other workers' hours within two weeks.

As the plaintiff has failed to identify any specific instances of harassment, outside of the two already discussed by the court, the plaintiff has failed to satisfactorily refute the finding that his claims are barred by the applicable statute of limitations. With respect to the retaliation claim, without pointing to any additional facts in the record, the plaintiff argues that there is a question of fact as to whether the "[p]laintiff was treated in the manner he was by Nolan because of his gender" and that, taken together, the acts of defendant Nolan are sufficient for a jury to find that he suffered adverse treatment so severe or pervasive as to create a hostile work environment. Other than his claim that he was physically touched by a fellow employee at some unknown point in time, the plaintiff has presented nothing that the court has not already considered in relation to the plaintiff's hostile work environment claim. Likewise, in relation to the plaintiff's retaliation claim, the court has already considered the fact that the plaintiff's hours were cut two

8

weeks before the other employees' hours and found that to be of no consequence. Thus, there is nothing of substance presented in the plaintiff's motion for reconsideration which would have any impact on the court's prior ruling.

Based upon the foregoing, an appropriate order shall issue.




s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date:  April 24, 2014**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2011 MEMORANDA\11-1698-02.wpd